UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HAROLD PETRISCH,                                : ECF
                                                :
                             Plaintiff,         : 08 CIV 4479 (PAC)
                                                :
        - against -                             :
                                                : ANSWER TO COMPLAINT
                                                : AND JURY DEMAND
JP MORGAN CHASE, PHYLLIS PRESSA and             :
RHONDA DUAWAY,                                  :
                                                :
                             Defendants.        :
------------------------------------------------------------------X

JPMorgan Chase Bank, National Association (erroneously identified at JP Morgan Chase), Phyllis Pressa and Rhonda Dauway (erroneously spelled Duaway) (hereafter collectively referred to as "Defendants"), by their attorneys, the JPMorgan Chase Legal Department, respectfully submit their Answer to Plaintiff's Complaint and Jury Trial Demand (the "Complaint") as follows:

### RESPONSE TO JURISDICTIONAL AVERMENTS

1. State that Paragraph 1 of the Complaint alleged violations of Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., 42 U.S.C. § 1981, the New York State Executive Law § 296 et seq., and the Administrative Code of the City of New York, but denies that Plaintiff has stated a cause of action under these statutes.

2. The allegation set forth in Paragraph 2 of the Complaint constitutes an averment as to venue to which no response is required. If a response is required, the allegations are denied.

167067:v1

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4. State, on information and belief, that the United States Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights, dated February 11, 2008. Denies knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint. Defendants state, on information and belief, that the Complaint was filed on May 13, 2008 - - more than 90 days after the date on which the Dismissal and Notice of Rights was issues.

## PARTIES

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint. Defendants state that Evelyn Trotman is not named as a party in this action.

6. Deny the allegations set forth in Paragraph 6 of the Complaint. Defendants state that JPMorgan Chase Bank, National Association (JPMC) has principal offices in Columbus, Ohio.

7. Deny the allegations set forth in Paragraph 7 of the Complaint. Defendants state that Phyllis Pressa and Rhonda Dauway are currently employed at JPMC.

## RESPONSE TO PRELIMINARY STATEMENT

8. Admits that Plaintiff purports to assert claims of national origin discrimination and retaliation as set forth in Paragraph 8 of the Complaint. Defendants deny that they engaged in any unlawful discriminatory or retaliatory conduct and further deny that Plaintiff is entitled to declaratory or injunctive relief or compensatory or punitive damages or other relief sought.

## RESPONSE TO STATEMENT OF FACTS

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, except state that Plaintiff commenced employment with JPMC on August 22, 2005.

10. The allegations set forth in the first sentence of Paragraph 10 of the Complaint constitute a legal conclusion to which no response is required. If a response is required, the allegations are denied. Defendants state that JPMC maintains an office location at 1411 Broadway, New York, New York, however, JPMC's principal offices are located at 1111 Polaris Parkway, Columbus, Ohio.

11. Deny the allegations set forth in Paragraph 11 of the Complaint. Defendants state that during Plaintiff's tenure with JPMC, Pressa and Dauway were District Managers.

12. Deny the allegations set forth in Paragraph 12 of the Complaint.

13. Deny the allegations set forth in Paragraph 13 of the Complaint.

14. Deny the allegations set forth in Paragraph 14 of the Complaint.

15. Deny the allegations set forth in Paragraph 15 of the Complaint.

16. Deny the allegations set forth in Paragraph 16 of the Complaint, except state that Plaintiff's employment with JPMC was terminated on or about October 31, 2006, after he failed the National Association of Securities Dealers Series 6 licensing examination on October 18, 2006.

17. Deny the allegations set forth in Paragraph 17 of the Complaint, except state that Plaintiff was not permitted to retake the Series 6 licensing examination.

18. Admit that Plaintiff asserts the charges set forth in Paragraph 18 of the Complaint, but deny that Defendants engaged in any unlawful discriminatory conduct or retaliatory conduct in violation of any federal, state or city laws or that they are liable to Plaintiff for damages based on any alleged violation of such laws.

### AS AND FOR A RESPONSE TO PLAINTIFF'S FIRST CLAIM

19. In response to Paragraph 19 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 18 with the same force and effect as though fully set forth herein.

20. Deny the allegations set forth in Paragraph 20 of the Complaint.

21. Deny the allegations set forth in Paragraph 21 of the Complaint.

22. Deny the allegations set forth in Paragraph 22 of the Complaint.

23. Deny the allegations set forth in Paragraph 23 of the Complaint.

### AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CLAIM

24. In response to Paragraph 24 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 23 with the same force and effect as though fully set forth herein.

25. Deny the allegations set forth in Paragraph 25 of the Complaint.

26. Deny the allegations set forth in Paragraph 26 of the Complaint.

27. Deny the allegations set forth in Paragraph 27 of the Complaint.

## AS AND FOR A RESPONSE
## PLAINTIFF'S THIRD CLAIM

28. In response to Paragraph 28 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1 through 27 with the same force and effect as though fully set forth herein.

29. The allegations set forth in Paragraph 29 of the Complaint constitute a legal conclusion to which no response is required. If a response is required, the allegations are denied.

30. Deny the allegations set forth in Paragraph 30 of the Complaint.

## AS AND FOR A RESPONSE
## TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief sought in the **WHEREFORE** Clause that follows the Third Claim in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert that they bear the burden of proof only on those matters set forth as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure. Defendants set forth their affirmative defenses to Plaintiff's claims as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, or portions thereof (including, specifically, the claims asserted under 42 U.S.C. §§ 2000e et. Seq., 42 U.S.C. §§ 1981 et seq., Section 8-107(1)(a) of the New York City Human Rights Law and/or Section 296 of the New York State Human Rights Law), fails to state a claim upon which relief can be granted or upon which the damages sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted in good faith and have not violated any rights which may be secured by Plaintiff under any applicable federal, state or local law, rule, regulation or guideline.

## THIRD AFFIRMATIVE DEFENSE

All or part of the Complaint is barred by Plaintiff's failure to satisfy the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims for damages are barred in whole or in part by his failure to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

All or part of the damages sought are not available under the laws upon which this Complaint is based.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is/are barred, or damages or loss sustained by Plaintiff was caused by, or contributed to by, Plaintiff's own actions, fault or lack of due diligence.

## SEVENTH AFFIRMATIVE DEFENSE

Any and all of the actions taken by Defendants with respect to Plaintiff's employment were based on legitimate, non-discriminatory business reasons and were without any discriminatory animus.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is/are barred by the doctrines of laches, waiver, estoppel or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is/are barred because Defendants exercised reasonable care to prevent discrimination.

## TENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred because Defendants corrected promptly any alleged discriminatory behavior protected by any relevant laws.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred because Plaintiff unreasonably failed to take advantage of preventive opportunities or to avoid harm otherwise.

## TWELVTH AFFIRMATIVE DEFENSE

Plaintiff's claim for attorney's fees is barred as a matter of fact and as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by documentary evidence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish causation between any alleged wrongful or unlawful conduct on the part of Defendants and any damages Plaintiff claims to have suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under 42 U.S.C. §§ 1981 et seq.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that there were any impermissible reasons for action(s) taken by Defendants with respect to Plaintiff's employment, Defendants would have taken the same action(s) based upon permissible reasons in the absence of any such impermissible reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred because any promises made were illusory and there was no mutuality of obligation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by the Statute of Frauds.

## NINETEENTH AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by failure of consideration.

## TWENTIETH AFFIRMATIVE DEFENSE

All, or a portion, of the Complaint or the damages sought therein is barred because there was no state action.

## TWENTY FIRST AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, is barred by Plaintiff's failure to satisfy the jurisdictional prerequisites and/or conditions precedent to filing an action under the New York State Human Rights Law or the New York City Administrative Code.

**WHEREFORE**, Defendants respectfully pray that the Court:

(a) Enter judgment in favor of Defendants dismissing the Complaint in its entirety;

(b) Deny the demands and requests for relief contained in the Complaint;

(c) Award Defendants their reasonable attorneys' fees, costs and disbursements; and

(d) Grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 23, 2008

                                      **JPMorgan Chase Legal Department**

                                      By: _____
                                          Tara A. Griffin, Esq. (TAG 9462)
                                      Attorneys for Defendants
                                          JPMorgan Chase Bank, N.A.
                                          Rhonda Dauway
                                          Phyllis Pressa
                                      One Chase Manhattan Plaza, 26th Floor
                                      Attorney(s) for Defendants
                                      New York, New York 10081
                                      (212) 552-5101

To:    Stephen Curtis Jackson, Esq.
        350 Fifth Avenue, Suite 2310
        New York, New York 10118
        (212) 643-2394

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

HAROLD PETRISCH,

                           ECF

                Plaintiff,

                           08 CIV 4479

- against -

                           **AFFIDAVIT OF**
                           **SERVICE**

JP MORGAN CHASE, PHYLLIS PRESSA and
RHONDA AUAWAY

                Defendants.
-------------------------------------------------------------x

**STATE OF NEW YORK**    )
                                ) ss.:
**COUNTY OF NEW YORK**  )

_____STUART RADESH_____, being duly sworn, deposes and says, that deponent is not a party to the action, is over eighteen years of age and is employed by JPMorgan Chase Bank, N.A.

That on the 23rd day of June 2008, deponent served the within:

ANSWER TO COMPLAINT AND JURY DEMAND
RULE 7.1 STATEMENT

TO:    Stephen Curtis Jackson, Esq.
        350 Fifth Avenue, Suite 2310
        New York, New York 10118
        (212) 643-2394

by the address designated for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Sworn to before me this
23 day of June, 2008

_____
Notary Public

MARLENE M. THOMPSON
Notary Public, State of New York
No. 01TH6161011
Qualified in Kings County
Certificate filed in New York County
Commission Expires February 12, 2011

160194:v1